UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD WILLINGHAM,<br><br>                Petitioner,<br><br>   vs.<br><br>WARDEN REYES, *Mike Durfee State Prison*,<br><br>                Respondent. | 4:24-CV-04069-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR CERTIFICATE OF APPEALABILITY |

      Petitioner, Donald Willingham, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. In his petition, Willingham seeks habeas relief. *Id.* The petition was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B).

      On April 4, 2024, Magistrate Judge Duffy filed a report and recommendation that recommended dismissing all of Willingham's habeas claims because Willingham failed to obtain permission from the Eighth Circuit Court of Appeals to file a successive petition. Docket 4. This court initially adopted the report and recommendation because no objections were filed, but then vacated that order when timely objections under the prison mailbox rule were filed. Docket 9.

      The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's

recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Willingham did file objections to Magistrate Judge Duffy's report and claims that his trial and state court appellate counsel provided ineffective assistance of counsel. Docket 7 at 3. He further argues that this court has jurisdiction to hear his claim because it would be a miscarriage of justice for the court not to consider his actual innocence claim. *Id.* Ineffective assistance of counsel and actual innocence, however, are not exceptions to 28 U.S.C. § 2254(b)(3), which requires a petitioner to obtain an order from the Court of Appeals before filing a second or successive application in the district court. Because Willingham filed an earlier § 2254 petition, *see Willingham v. Seventh Cir. Ct.*, 2022 WL 1910067, at *1 (D.S.D. June 3, 2022), raising the same issues as this petition, he may not file another petition—including this petition—unless he first obtains permission from the Eighth Circuit Court of Appeals. As a result, this court lacks subject matter jurisdiction to entertain his current petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

### CERTIFICATE OF APPEALABILITY

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal

2

may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." *Id.* at 335-36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that Willingham has failed to make a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is denied as to all claims.

Thus, it is ORDERED

1. Magistrate Judge Duffy's report and recommendation (Docket 4) is adopted in full and this case is dismissed.

2. A certificate of appealability is denied.

Dated December 26, 2024.

                                            BY THE COURT:

                                            /s/ *Karen E. Schreier*
                                            KAREN E. SCHREIER
                                            UNITED STATES DISTRICT JUDGE